**George SCHUCK, Jr., as Chairman of the Joint Industry Board of the Electrical Industry and its participating Funds, Plaintiff,**

v.

**CVI ELECTRIC, INC., John Vera, Defendants.**

**No. 93–CV–2826 (JRB).**

United States District Court,
E.D. New York.

Nov. 10, 1994.

Stuart M. Jentis, Menagh, Trainor, Mundo & Falcone, P.C., New York City, for plaintiff.

Richard M. Lipsman, New York City, for defendants.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Plaintiff moves under Rule 56 of the Federal Rules of Civil Procedure for summary judgment. Plaintiff commenced this action pursuant to 29 U.S.C. §§ 1132 and 1145 to recover from defendants delinquent contributions to multiemployer benefit plans, interest on said contributions, liquidated damages, attorneys' fees, and costs. Plaintiff also seeks an injunction requiring defendants to make future contributions to the plans as they become due.

## BACKGROUND

Plaintiff is Chairman of the Joint Industry Board of the Electrical Industry and a fiduciary to various employee benefit plans. Defendant CVI Electric, Inc. ("CVI") executed a collective bargaining agreement in or around June 1991 (the "CBA") that establishes certain employee benefit plans and obligates defendant CVI, as an employer, to make contributions to those plans. The plans created under the CBA are administered by plaintiff.

In support of his motion for summary judgment, plaintiff has submitted a memorandum of law, the declaration of his counsel, Stuart M. Jentis, Esq., and the affidavit of James J. Treanor, Assistant Controller of the Joint Industry Board of the Electrical Industry, sworn to June 17, 1994 (the "Treanor Aff."). According to Mr. Treanor, despite plaintiff's repeated demands for defendants to abide by the terms of the CBA, defendants refused to make the required contributions to the plans at issue for more than one year. Treanor Aff., ¶ 10. Mr. Treanor avers that defendants have no meritorious defense or justifiable excuse for the failure to perform their obligations. Treanor Aff., ¶ 11. His conclusion is well taken, as defendants have submitted no opposition to plaintiff's motion, and therefore leave unchallenged plaintiff's claim that at the time of filing the present motion, defendants were delinquent in making a total of $81,261.98 in contributions to the plans for the period March 3, 1993, through June 8, 1994, and owe interest on those contributions in the amount of $5,616.97, as calculated through June 10, 1994. Plaintiff also asserts, again without challenge, a right to $16,252.40 in liquidated damages and attorneys' fees and costs in the amount of $8,672.33.

## DISCUSSION

■ Defendants' failure to interpose a defense or even to respond to plaintiff's summary judgment motion entitles plaintiff to judgment as a matter of law. Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, the party moving for summary disposition under Rule 56 bears the initial burden of establishing the absence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26

 

L.Ed.2d 142 (1970). Once the movant has produced affidavits or other evidence meeting this burden, however, Rule 56(e) prohibits the party opposing summary judgment from resting solely on the allegations contained in his pleading, and requires him instead to submit evidentiary materials raising a genuine issue of material fact. *Id.* at 160, 90 S.Ct. at 1610.

■ Here, plaintiff met his threshold showing, setting forth detailed evidence effectively eliminating any factual issues. In addition to counsel's declaration and the Treanor Aff., plaii iff produced various documentary evidence, including correspondence and the text of the CBA, that together demonstrate as a matter of law plaintiff's right to judgment. The plain and unambiguous terms of the CBA require defendants to make certain contributions to the plans at issue. The Treanor Aff. states unequivocally that although plaintiff demanded payment, defendants refused, and contributions went unpaid. Section 1145 of Title 29 obligates defendants to make contributions to the plans in accordance with the terms of the CBA. Section 1132(a) empowers plaintiff to sue to enforce these provisions, and plaintiff's right to the relief sought here is set forth clearly in Sections 1132(g)(1) and (2). Under these circumstances, the burden shifted to defendants to demonstrate the existence of a factual issue precluding summary disposition. As stated previously, defendants have remained silent, and in the absence of evidentiary materials generating an issue for trial, plaintiff is entitled to judgment as a matter of law. *See Lewart v. Woodhull Care Center Assoc.,* 549 F.Supp. 879 (S.D.N.Y.1982).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment hereby is GRANTED, and judgment in favor of plaintiff shall be entered as herein specified:

1. Plaintiff is awarded summary judgment in the amount of $81,261.98 for delinquent contributions between the dates of March 3, 1993, and June 8, 1994, plus interest in the amount of $5,616.97 calculated through June 10, 1994, liquidated damages in the amount of $16,252.40, and attorneys' fees and costs totalling $8,672.33;

2. Defendants hereby are permanently enjoined from the date of service of this order from failing to comply with the terms of the CBA;

3. Plaintiff hereby is awarded summary judgment in an amount equal to those contributions found to be due and owing from defendants for the period commencing June 9, 1994, through the date hereof, plus interest thereon; and

4. Plaintiff hereby is directed to file with this Court within fourteen (14) days of the date of this order a statement reflecting the amount of delinquent contributions due for the period commencing June 9, 1994, to the date hereof, plus interest thereon.

SO ORDERED.